IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 7, 2019 at Jackson

## STATE OF TENNESSEE v. TODD SAMUEL ADCOCK

**Appeal from the Circuit Court for Cheatham County**
**No. 17993    David D. Wolfe, Judge**

_____

### No. M2018-01623-CCA-R3-CD
_____

The Defendant, Todd Samuel Adcock, pled guilty to one count of sale of heroin, a class B felony. After entering his guilty plea, the trial court found the Defendant to be a Range III, persistent offender and sentenced him to twenty-five years' incarceration. The trial court determined that the twenty-five-year sentence was to run consecutively to the Defendant's previous eight-year sentence from Davidson County. On appeal, the Defendant contends that the trial court erred (1) by not merging his previous convictions and, thereby, sentencing the Defendant as a Range III, persistent offender and (2) by ordering the Defendant's sentence to run consecutively to his Davidson County sentence. Following our review, we conclude that the trial court did not err and affirm the sentencing decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. THOMAS T. WOODALL, J., not participating.

William B. Lockert III, District Public Defender; and Matthew T. Mitchell, Assistant District Public Defender, for the Appellant, Todd Samuel Adcock.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Wendell Ray Crouch, Jr., District Attorney General; and Margaret F. Sagi, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTUAL BACKGROUND

The Defendant in this case was indicted on three counts of sale of a Schedule I controlled substance, heroin. See Tenn. Code Ann. § 39-17-417. On January 22, 2018, the Defendant pled guilty to one count and the State dismissed the remaining two counts, with sentencing to be decided at a later sentencing hearing. On July 23, 2018, a sentencing hearing was held to determine the length of the sentence and the manner of service.

The sentencing hearing proceeded as follows. The State called Officer John McGranahan, of the Tennessee Department of Correction's Probation and Parole Division, to testify. Officer McGranahan completed the Defendant's presentence report prior to the hearing. During the presentence investigation, he discovered that the Defendant had felony convictions in both Robertson County and Davidson County. Officer McGranahan reviewed the Defendant's criminal convictions and offered certified copies of his convictions as exhibits. The convictions spanned a period of about fifteen years. The Defendant gave a written and an oral statement during his interview with Officer McGranahan, admitting that he had sold heroin, used drugs, and violated his probation. Officer McGranahan reviewed the entire record of the Defendant's convictions, but we will list only those convictions that are pertinent to this case: three Class D felonies for theft of property, a Class C felony for aggravated burglary, and a Class C felony for attempted aggravated robbery. In total, Officer McGranahan testified that the Defendant had fifteen felony convictions and had violated his probation and community supervision multiple times.

The State then called Officer Ronnie Moran to the stand. Officer Moran testified that on March 31, 2016, and April 7, 2016, he used a confidential informant to perform a video-recorded drug transaction with the Defendant. Officer Moran relayed that he had records of the Defendant's performing three drug transactions of the sale of heroin, including an additional date of April 4, 2016, and that these transactions were the basis for the Defendant's charges. On direct, Officer Moran was asked if he would have charged the Defendant differently if he believed the Defendant to be an addict, as opposed to a dealer. Officer Moran answered in the affirmative, but based on his knowledge and experience, the Defendant was classified as a dealer.

The State's witness, Dan Schaeffer, testified that he was an EMS Director for Cheatham County and a "legal death investigator." Mr. Schaeffer oversaw the ambulance service and all the associated parts, including employees. Mr. Schaeffer stated that his division tracked the use of Narcan on those individuals in Cheatham County who overdosed. Mr. Schaeffer agreed with the State that there had been an increase of Narcan use in the county from 2015 to the present. Mr. Schaeffer answered in the affirmative that a portion of this increase could be attributed to heroin use.

Upon cross-examination, Mr. Schaeffer testified that he did not have data prior to 2015 because his division was not tracking Narcan use during that time. Mr. Schaeffer asserted that the number of patient encounters with Narcan had continued to increase with each subsequent year since 2015, and with "a path for an increase for 2018 as well." Mr. Schaeffer was unaware that the Defendant had been incarcerated since June 2016.

Upon the conclusion of proof, the State argued that the Defendant met the threshold for a Range III, persistent offender based upon his two December 2000 felony theft convictions from Robertson County, his October 2002 felony theft conviction from Davidson County, and his November 2014 aggravated burglary and attempted aggravated robbery convictions from Davidson County. Additionally, the State argued that the Defendant had fifteen total felony charges and some misdemeanor charges; that the Defendant had failed his community corrections, failed to attend Narcotic Anonymous meetings after being given opportunities to do so, and that the Defendant incurred these charges while on probation for his aggravated burglary and attempted aggravated robbery convictions from Davidson County. The State submitted that all of these facts should be used as enhancement factors for sentencing purposes. The State also asked the trial court to consider, for purposes of sentencing, that the Defendant was a danger to the community by his distribution of heroin, the deterrent effect to others, the appropriate punishment for the crime committed, and as a means to protect the Defendant himself.

The Defendant argued that the November 2014 Davidson County convictions of attempted aggravated robbery and aggravated burglary should be merged under Tennessee Code Annotated section 40-35-107(b)(4) because "there must be multiple aggravated burglaries" to qualify as two separate convictions. Additionally, in regards to the two felony theft charges on December 17 and 19, 2000, the Defendant contended that those two convictions should merge pursuant to the same statute, thus constituting only one conviction. The Defendant argued that although the judgment forms stated that one offense occurred on December 17, 2000, and the other offense occurred on December 19, 2000, the State had a duty to prove that the offenses happened on those days and not within twenty-four hours. The Defendant argued that he should have been sentenced as a Range II, multiple offender, not a Range III, persistent offender, because the total amount of his Class A, B, C, and D felony convictions, after merger, did not meet the requisite number of five convictions under Tennessee Code Annotated section 40-35-107(b)(4).

The Defendant opted to use his right to allocution at the conclusion of arguments. The Defendant admitted that he had suffered from a drug problem for more than twenty years. The Defendant asked that the trial court provide him with treatment. The Defendant apologized to the trial court for his behavior.

The trial court found that the Defendant's December 2000 theft convictions did not merge because they were committed on two different days, not within twenty-four hours, and were not eligible for merger pursuant to Tennessee Code Annotated section 40-35-107(b)(4). Additionally, the trial court found that the November 2014 convictions of aggravated burglary and attempted aggravated robbery did not merge because the attempt "is the commission of robbery with a deadly weapon or the display of an item fashioned to lead the victim to believe it to be a deadly weapon, or where the victim suffers serious bodily injury" and, thus, qualified as a merger exception under the same statute. As such, the court treated these as two separate convictions for purposes of sentencing. The trial court found the Defendant to be a Range III, persistent offender with a range of twenty to thirty years.

The court continued and found that the Defendant had a long history of criminal conduct, including fifteen felony convictions and multiple misdemeanor convictions. The court found that confinement "[was] necessary to protect society from someone who sells drugs, even if it's to feed his own addiction." The court maintained that not ordering confinement "would necessarily depreciate the seriousness of selling heroin to other individuals[.]" The court noted that measures less restrictive had been applied and failed.

The court applied several enhancement factors, including the Defendant's previous history of criminal convictions, the Defendant's failure to comply with conditions of release into the community as he was on probation at the time of the charges in this case, and the Defendant had no hesitation of committing a crime when risk to human life was high based upon the testimony of Mr. Schaeffer about the rise in overdoses from heroin. See Tenn. Code Ann. § 40-35-114. When applying mitigating factors, the court did not find that the Defendant assisted the authorities in uncovering offenses committed by others. However, the court did find that the Defendant committed the crime to feed his own addiction and applied the mitigating factor consistent with the purpose of the sentencing chapter. See Tenn. Code Ann. § 40-35-113(13).

The court found that the Defendant was on probation at the time he committed the instant offense and that the law required his sentence to be served consecutively to his eight-year Davidson County sentence. Counsel for the Defendant questioned the court's ruling, to which the court responded: "Well, by my determination he will serve it consecutively. . . . I think that is consistent with the laws of the State of Tennessee."

Ultimately, the trial court sentenced the Defendant to twenty-five years' incarceration to be served consecutively with his Davidson County sentence.

The Defendant timely filed a notice of appeal. The case is now before us for review.

**ANALYSIS**

On appeal, the Defendant contends that the trial court erred by holding that the Defendant was a Range III, persistent offender because his charge for attempted aggravated robbery was not an exception to the twenty-four-hour merger rule pursuant to Tennessee Code Annotated section 40-35-107(b)(4) and that the trial court erred by ruling that Tennessee Code Annotated section 40-35-115(b) required the Defendant's sentence to run consecutively with his previous eight-year sentence. The State responds that the trial court properly considered the Defendant's convictions for aggravated burglary and attempted aggravated robbery as two separate convictions, as the convictions were an exception under the twenty-four-hour merger rule, and that the sentence was properly ordered to run consecutively with the Defendant's previous sentence. We agree with the State.

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). Moreover, appellate courts may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2007).

When determining if a defendant is a persistent offender pursuant to Tennessee Code Annotated section 40-35-107(a)(1), a defendant who has received "[a]ny combination of five (5) or more prior felony convictions within the conviction class or higher or within the next two (2) lower felony classes, where applicable[,] shall be considered a persistent offender for sentencing purposes." In determining the number of prior convictions a defendant has received,

> [e]xcept for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury or threatened bodily injury to the victim or victims or convictions for the offense of aggravated burglary under § 39-14-403, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]

Tenn. Code Ann. § 40-35-107(b)(4).

For two or more convictions to qualify as exceptions to the twenty-four-hour merger rule pursuant to Tennessee Code Annotated section 40-35-107, there must be

"more than one previous act involving bodily injury or threatened bodily injury." State v. Horton, 880 S.W.2d 732, 736 (Tenn. Crim. App. 1994).

Aggravated robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear" and is "accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or where the victim suffers serious bodily injury." See Tenn. Code Ann. §§ 39-13-401, -402. Additionally, "[t]his court has previously held that robbery, and by extension aggravated robbery, contains an element that the defendant cause or threaten to cause bodily injury." State v. Willie Lee Hughes, Jr., No. M2015-01688-CCA-R3-CD, No. M2015-01207-CCA-R3-CD, 2016 WL 6956804, at *4 (Tenn. Crim. App. Nov. 29, 2016) (concluding that two convictions for facilitation of aggravated robbery, both occurring within twenty-four hours, did not count as a single conviction pursuant to the twenty-four hours merger rule); State v. Jamie Lynn Middlebrook, No. M200902276-CCA-R3-CD, 2011 WL 198689, at *3 (Tenn. Crim. App. Jan. 11, 2011) (concluding "that the statutory elements of robbery include a threat of bodily injury when the State is required to prove that the defendant committed the act through violence or by putting the person in fear"); State v. Iwanda Anita Buchanan, No. M2007-02870-CCA-R3-CD, 2008 WL 4467185, at *5 (Tenn. Crim. App. Oct. 6, 2008) ("Both robbery and aggravated assault contain elements that the defendant cause or threaten to cause bodily injury."); State v. Robert Lee Bailey, Jr., No. 01C01-9507-CR-00220, 1996 WL 234083, at *2 (Tenn. Crim. App. May 9, 1996) (concluding that convictions of attempted aggravated robbery "threatened bodily injury to the victims" for purposes of the twenty-four hour merger rule).

A person commits criminal attempt when the person:

> intentionally engages in action or causes a result that would constitute an offense, if the circumstances surrounding the conduct were as the person believes them to be; acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

See Tenn. Code Ann. § 39-12-101. Additionally, the Sentencing Commission Comments to this section state that to be convicted of criminal attempt the offender must act "with the kind of culpability otherwise required" for the object offense.

The Defendant first argues that the November 2014 convictions for aggravated burglary and attempted aggravated robbery should be merged under Tennessee Code Annotated section 40-35-107(b)(4) because the statute itself is "silent as to attempted charges." The Defendant contends that because the State did not offer proof or information of the specific facts for the attempt conviction, it should merge with the aggravated burglary conviction, resulting in only one conviction for sentencing purposes. We disagree.

The Defendant's November 2014 conviction for aggravated burglary is specifically exempted from the twenty-four-hour merger rule pursuant to Tennessee Code Annotated section 40-35-107(b)(4). We now move on to the attempted aggravated robbery conviction. Defendant's attempted aggravated robbery charge necessarily contains an element of bodily injury or threatened bodily injury. This court has previously held that aggravated robbery contains an element of bodily harm or threatened bodily harm and to be convicted of an attempt, the Defendant must have had the culpability required to commit either bodily harm or threatened bodily harm. Because this conviction contains bodily harm or threatened bodily harm, it is an exception to the twenty-four-merger rule and will not merge with the aggravated burglary conviction. Accordingly, the Defendant was properly sentenced as a Range III, persistent offender, with a range of twenty to thirty years. The Defendant is not entitled to relief on this basis.

The Defendant argues secondly that the trial court erred by ruling that the law required his sentence in this case to run consecutively with his eight-year sentence from Davidson County that resulted from his convictions for aggravated burglary and attempted aggravated robbery.

When reviewing a trial court's imposition of consecutive sentences, "the presumption of reasonableness applies," which gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." State v. Pollard, 432 S.W.3d 851, 861 (Tenn. 2013). "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." Id. at 862 (citing State v. Dickson, 413 S.W.3d 735 (Tenn. 2013)). Tennessee Code Annotated section 40-35-115(b) lists "an offender whose record of criminal activity is extensive" and "the defendant is sentenced for an offense committed while on probation" as two of the seven grounds a trial may use to order consecutive sentencing.

Pursuant to Tennessee Code Annotated section 40-35-115, the trial court found two factors that may be used to impose consecutive sentences, including the Defendant's extensive criminal activity and that the offense was committed while on probation. These are supported by the record. Accordingly, the trial court did not abuse its discretion by imposing consecutive sentences. The Defendant is not entitled to relief on this basis.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE